### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **ANGELA BUTLER,** | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) |
| **TELEPERFORMANCE,** | ) |
| Defendant. | ) JURY DEMANDED |

## NOTICE OF REMOVAL

Defendant, TPUSA, INC. ("TPUSA"), incorrectly identified as TELEPERFORMANCE, by and through its attorneys, pursuant to 28 U.S.C. §§1332, 1441, and 1446, file this Notice of Removal with respect to the above-captioned action, commenced and pending in the Circuit Court of the 14th Judicial Circuit, In and For Washington County, Florida, under Case Number 21-CA-56 to the United States District Court for the Northern District of Florida, for the reasons stated below:

## INTRODUCTION

1. On July 25, 2021, Plaintiff, Angela Butler ("Butler") filed a complaint seeking money damages against TPUSA, in the Circuit Court of the 14th Judicial Circuit, Washington County, Florida under Case No. 21-CA-56 ("State Court Action"). (*See* Complaint attached hereto as **Exhibit A**).

2. The entire available court file for the subject case in the Circuit Court of the 14th Judicial Circuit, Washington County, Florida, is attached hereto as **Exhibit A**. The court file was last reviewed on September 27, 2021.

3. Butler served TPUSA on September 13, 2021. *See* Declaration of Matthew Kilmer, at ¶ 4, attached as **Exhibit B**.)

## VENUE

4. Venue is proper pursuant to 28 U.S.C, §1441(a), which permits removal of any civil action brought in the State Court of which the district courts of the United States have original jurisdiction. The original jurisdiction of United States District Court for the Northern District of Florida includes Washington County, Florida, the county in which this suit was filed.

## BURDEN OF PROOF

5. The party that removes the state court action to federal court bears the burden of proving that federal jurisdiction exists. *Williams v. Best Buy Co, Inc*., 269 F.3d 1316, 1320 (11th Cir. 2001).

6. "Where…the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* (citations omitted).

7. To establish diversity jurisdiction, complete diversity must exist between the parties plus an amount in controversy exceeding $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

## DIVERSITY OF CITIZENSHIP

8. This Court has original jurisdiction of this matter under the provisions of 28 U.S.C. § 1332 as the parties are diverse, and the action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

9. Butler is a citizen and resident of Florida. (Compl at ¶ 4, **Ex . A**).

10. Defendant TPUSA is a corporation that was incorporated in the State of Delaware, with its principal place of business in Murray, Utah. (*See* Compl. at p. 1; *see also* Matthew Kilmer Dec. at ¶ 5, attached as **Exhibit B**.)

11. For purposes of diversity jurisdiction under Section 1332(a)(1), TPUSA is a citizen of Florida and Utah. *See* 28 U.S.C. § 1332(c)(1).

12. Complete diversity of citizenship exists because Butler is not a citizen of either Utah or Delaware. *See* 28. U.S.C. § 1332(a). Accordingly, this action satisfies the complete diversity of citizenship requirement under 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

13. Butler is asserting claims of discrimination and retaliatory discharge against TPUSA. (Compl., **Ex. A**.) She alleges each claim are "in excess of Thirty Thousand Dollars ($30,000), exclusive of costs and interests." (*Id.* at ¶ 3.)

14. Specifically, Butler alleges "[a]s a direct and proximate result of [TPUSA's] conduct…Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses and other benefits." (*Id.* at ¶ 29; *see also* ¶ 36.)

15. Although TPUSA, Inc. denies that its actions caused Butler's damages and that Butler is entitled to any monetary relief whatsoever, the preponderance of the evidence shows that the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs and interest.

16. For purposes of diversity jurisdiction, this Court may consider the entire record presented to it for removal and not merely the four corners of the Complaint. *Best Buy Co, Inc.*, 269 F.3d at 1320.

17. As mentioned above, Butler is seeking back pay **and** front pay as a result of her discharge from TPUSA, which allegedly occurred over two years ago, on April 30, 2019. (*See* **Ex. A** at ¶ 20.)  Butler earned nearly $13,225 a year in wages as of January 2017. (*See* Matthew Kilmer Dec. at ¶¶ 6-9.)

18. Therefore, as of the date of this removal, Butler may potentially recover over two-and half times more than that amount in back pay, which would be approximately $**20,000**.

19. As stated above, however, Butler is also seeking "front pay" damages, which is the amount of lost salary and benefits from the time of trial through some point in the future, such as the plaintiff's projected age of retirement or for the duration of an individual's working life. *See e.g. Warren v. County Commission of Lawrence Alabama*, 826 F.Supp.2d 1299,1312-1316 (N.D. Ala. 2011) (allowing plaintiff to assert front pay until employee's projected retirement). As of the date of this removal, Butler is 51 years of age. (*See* Matthew Kilmer Dec. at ¶ 10.) Accordingly, she may potentially recover nearly 14 years of front pay, or $**185,150**.

20. In sum, Butler's alleged damages in lost wages (front and bac pay) **alone** —not including damages for the alleged emotional distress or other employment benefits alleged in her Complaint—total to approximately $**205,150**.

21. Because the matter in controversy: (A) exceeds the sum or value of seventy-five thousand dollars ($75,000.00) exclusive of costs and interest; and (B) there is complete diversity of citizenship between Butler and TPUSA, this Court has original jurisdiction over the State Court

Action under the provisions of 28 U.S.C. § 1332 and may be removed to this Court, pursuant to the provisions of 28 U.S.C. § 1441.

## TIMELINESS OF REMOVAL

22.     This Notice of Removal is filed with this Court within thirty (30) days after TPUSA received the first pleading "or other paper" from which the removable nature of this case was first ascertainable by TPUSA. *See* 28 U.S.C. §1446(b)(3). As such, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

23.     As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon Butler, by and through her attorneys of record.

24.     A notice of this Notice of Removal is also being filed with the Clerk of 14th Judicial Circuit, Washington County, Florida, which will give written notice of the filing to Plaintiff and the respective state court.

25.     By filing this Notice of Removal, TPUSA does not waive its rights to object to jurisdiction over the person, or venue, and the expiration of the applicable statute of limitations, and TPUSA specifically reserves the right to assert any other defenses and/or objections to which it may be entitled as a matter of law or equity.

## CONCLUSION

WHEREFORE, TPUSA hereby files this Notice of Removal so that the entire State Court action, Case Number 21-CA-56, now pending in the Circuit Court of the 14th Judicial Circuit, in and for Washington County, Florida, be removed to the United States District Court for the Northern District of Florida, for all further proceedings.

Dated:  October 4, 2021         Respectfully submitted,

/s/ Arlene Kline
Arlene Kline, Esquire
Florida Bar No. 0104957
Primary e-mail:  arlene.kline@akerman.com
Secondary e-mail: michelle.reynolds@akerman.com
**AKERMAN LLP**
777 S. Flagler Drive, Suite 1100, West Tower
West Palm Beach, FL  33401-6183
Telephone:  561.653.5000
Facsimile:  561.659.6313

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by e-mail to all parties on the attached Service List on October 4th 2021.

*/s/ Arlene Kline*
Arlene Kline (Florida Bar No. 0104957)

**SERVICE LIST**

**MARIE A. MATTOX, P.A.**
Marie A. Mattox
Florida Bar No. 0739685
Marie@mattoxlaw.com
203 North Gadsden Street
Tallahassee, FL 32303
Telephone: (850) 383-4800
Fax: (850) 383-4801
*Attorney for Plaintiff*