# EXHIBIT A

Filing # 131347907 E-Filed 07/25/2021 08:59:48 PM

|  |  |
|---|---|
| ANGELA BUTLER,<br><br>    Plaintiff,<br><br>v.<br><br>TELEPERFORMANCE,<br><br>    Defendant.<br>_____/ | IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR WASHINGTON COUNTY, FLORIDA<br><br>CASE NO.: 21-CA-56<br>FLA BAR NO.: 0739685<br><br>SUMMONS |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**TELEPERFORMANCE**
**C/O Nicole Duggins**
**Corporate paralegal**
**5295 S Commerce Drive, Suite 600**
**Murray, UT 84107**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on ___July 26___, 2021.

CLERK OF THE CIRCUIT COURT

By: _Jo Ann Hayes_

File # 2021032271, OR BK: 4399 PG: 118, Pages: 1 of 5, Recorded 4/30/2021 at 9:02 AM,
Bill Kinsaul, Clerk Bay County, Florida   Deputy Clerk KM Trans # 1672956



# IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
# OF THE STATE OF FLORIDA

## ADMINISTRATIVE ORDER # 2021-00-06

### RE: CIVIL CASE MANAGEMENT

WHEREAS AOSC 20-23, Amendment 12 directs chief judges to issue administrative orders applicable to each county within the judicial circuit requiring the presiding judge to:

(1) actively manage civil cases, and (2) strictly comply with Fla. R. Jud. Admin. 2.545 (a), (b), and (e), which respectively require judges to conclude litigation as soon as it is reasonably and justly possible to do so, to take charge of all cases at an early stage and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown.

NOW, THEREFORE, pursuant to AOSC 20-23 Amendment 12, the following civil case management and resolution plan is directed.

1. **Case Differentiation:** The presiding judge of civil cases shall review each civil case to determine whether it is complex, streamlined, or general.

   Complex Cases are cases designated by court order as complex cases under Florida Rule of Civil Procedure 1.201 and shall proceed as provided in the rule.

   Streamlined Civil Cases are Non-Jury civil cases anticipated to have a trial length of less than two days, and *not likely* to: (a) involve numerous pretrial motions, or (b) pretrial management of a large number of witnesses or a substantial amount of documentary evidence.

   General Civil cases include all cases that are not designated by order as complex or streamlined.

2. **Case Management Order:**

   a. A Standing Case Management Order in the form attached as 'Exhibit A' shall be issued by the Clerk in each civil case filed on or after April 30, 2021. The Plaintiff or Petitioner must serve a copy of the Standing Case Management Order with the Summons and the Complaint/Petition.

File # 2021032271 BK: 4399 PG: 119, Pages: 2 of 5

      b.    A Standing Case Management Order substantially in the form attached as 'Exhibit A' shall be issued by the Court in each civil case filed before April 30, 2021 by December 3, 2021, unless otherwise provided by AOSC20-23, Amendment 12, or the action is set for trial.

*Each case management order* shall specify the deadline for:
    a.    service of complaints and service under extensions
    b.    adding new parties
    c.    completion of discovery
    d.    resolution of motions and objections to pleadings
    e.    completion of mediation

*Trial Dates:* Each case management order shall also specify a projected trial date and indicate that an order setting a firm trial date will be issued pursuant to Fla. R. Civ. Proc. 1.440 when the case is at issue.

*Other procedures and protocols:* Case management orders may include other procedures and protocols outlined in Fla. R. Civil Proc. 1.200 or otherwise aimed at maximizing the fair and just resolution of civil cases.

Maximum deadlines and timelines established for streamlined and general civil cases shall be consistent with Fla. R. Jud. Admin 2.250.

3. **Rule 2.545 Case Management Compliance.** Judges are to review Rule 2.250 and 2.545 and shall strictly comply with Fla. R. Jud. Admin. 2.545 (a), (b), and (e), which respectively require judges to conclude litigation as soon as it is reasonably and justly possible to do so, to take charge of all cases at an early stage and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown.

The procedures and time standards set forth herein do not supplant any existing rule, statute, or law.

This Administrative Order shall take effect April 30, 2021 and shall remain in effect until further order of the Court.

**DONE AND ORDERED** in Chambers, at Panama City, Bay County, Florida, this 30th day of April 2021.

CHRISTOPHER N. PATTERSON
CHIEF JUDGE

A CERTIFIED TRUE COPY
BILL KINSAUL CLERK
OF THE CIRCUIT COURT
By_____
Deputy Clerk

Copy: Chair of the Workgroup on The Improved Resolution of Civil Cases

File # 2021032271 BK: 4399 PG: 120, Pages: 3 of 5



# IN THE CIRCUIT COURT IN AND FOR WASHINGTON COUNTY

ANGELA BUTLER

    Plaintiff,

vs.

TELEPERFORMANCE

    Defendant

Case No.: 21-CA-56

---

## Exhibit A
## STANDING CIVIL CASE MANAGEMENT ORDER

    **THIS MATTER** is before the court pursuant to Fla. R. Civil Proc. 1.200, Fla. R. Jud. Admin. 2.545, and AOSC20-23, Amendment 12, and the court having determined that it is necessary to establish certain deadlines and timelines to ensure the prompt processing and just resolution of civil cases, issues the following case management order:

### 1. Case Differentiation.

**Complex Cases:** cases designated by court order as complex cases under Florida Rule of Civil Procedure 1.201 shall proceed as provided in the rule.

**Streamlined Civil Cases:** Non-Jury civil cases anticipated to have a trial length of less than two days, and *not likely* to: (a) involve numerous pretrial motions, or (b) pretrial management of a large number of witnesses or a substantial amount of documentary evidence may be designated as streamlined.

**General Civil Cases:** include all cases that are not designated by order as complex or streamlined.

    Civil cases shall be deemed "general civil cases" unless the presiding judge has entered a separate order designating the civil case as complex or streamlined.

### 2. Timelines and deadlines for streamlined and general civil cases.

    a. *service of complaints and service under extensions* - Plaintiff shall serve the initial process and initial pleadings on a defendant within 120 days of filing the initial pleadings directed to that defendant as provided by Fla. R. Civ. Proc 1.070. If service of the initial process and pleadings is not made upon a defendant within 30 days after expiration of the initial 120 days, the action may be dismissed without prejudice or the defendant dropped as a party *unless* a motion and statement of

Page 1 of 3

File # 2021032271 BK: 4399 PG: 121, Pages: 4 of 5

good cause are filed by the plaintiff, and the matter is heard by the court prior to the expiration on the 30 days after the initial 120 days. The court may dismiss the action or grant additional service time.

b. *adding new parties* - New parties may be added as provided by Fla. R. Civ. Proc. 1.250(c) and Rule 1.210(a), and on such terms as are just.

c. *Mediation* - Mediation is required in all cases unless waived by the presiding judge and shall be completed no later than the pretrial conference. The presiding judge may issue a separate order of mediation directing completion of mediation by a specified deadline. Plaintiff's counsel shall insure that all fees and costs of mediation have been paid before distribution of any settlement proceeds. If the case is to proceed to trial, these expenses shall be satisfied prior to the trial date. The mediator shall provide the Court with a mediation report at least five (5) days before the pre-trial conference, unless otherwise ordered by the Court. The discovery process is not suspended by the court's order of mediation.

d. *Completion of discovery* - Counsel shall complete all discovery, including independent medical examinations, at least 30 days before the pretrial conference. The conduct of discovery subsequent to the pretrial conference shall be permitted only on Order of the Court for good cause shown.

e. *Resolution of motions and objections to pleadings* - ALL motions and objections to pleadings, including motions-in-limine, shall have been filed, scheduled, and heard prior to the pretrial conference. No motion will be heard at or after the pretrial conference absent compelling circumstances and consent of the Court. All motions not heard by the pretrial conference shall be deemed abandoned.

3. **Trial Dates:** Trials for streamlined and general civil cases are projected to occur within the timeline established by Rule 2.250. Within sixty days of a notice of trial at issue, a separate order setting trial will be issued by the presiding judge establishing a firm trial and pretrial dates along with pretrial and trial instructions.

4. **Service on Defendants:** The Plaintiff or Petitioner must serve a copy of this Standing Case Management Order with the Summons and the Complaint/Petition on any defendant not served with process prior to the filing of this Order.

5. **Cases Previously Scheduled for Trial:** If this action is subject to a previously entered Uniform Order Scheduling Trial (Bench or Jury), all dates and deadlines contained in the Uniform Order Scheduling Trial shall supersede any dates and deadlines contained in this Standing Civil Case Management Order.

6. **Rule 2.545, Rule 2.250, and Professional Obligation Compliance:** Lawyers and judges have a professional obligation to conclude litigation as soon as it is reasonably and justly possible to do so. Accordingly, the deadlines and timelines established herein and in any subsequent orders, and Rule 2.545 and Rule 2.250 will be strictly enforced.

File # 2021032271 BK: 4399 PG: 122, Pages: 5 of 5

ORDERED in Panama City, Florida, this 30th day of April 2021.

_____
John L. Fishel, II, Administrative Civil Judge

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR WASHINGTON
COUNTY, FLORIDA

ANGELA BUTLER,

    Plaintiff,

CASE NO.: 21-CA-
FLA BAR NO.: 0739685

v.

TELEPERFORMANCE,

    Defendant.
_____/

## COMPLAINT

Plaintiff, ANGELA BUTLER, hereby sues Defendant, TELEPERFORMANCE, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes.

2. This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, ANGELA BUTLER, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her actual or perceived disability and/or record of impairment, and she was retaliated against after reporting Defendant's unlawful employment practices.

4. At all times pertinent hereto, Defendant, TELEPERFORMANCE, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action,

Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, an African American female with an actual or perceived disability and/or record of impairment, began her employment with Defendant in or about 2015 and held the position of Customer Service Representative at the time of her wrongful termination on March 30, 2019.

7. Despite her stellar work performance during her employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her actual or perceived disability and/or record of impairment, and because she reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

8. Plaintiff has diabetes, Gastroesophageal reflux disease (GERD), high blood pressure, and depression with psychosis. Plaintiff's medications keep her disabilities in control so that she can function well in the workplace; she has received recognition for her job performance in the past.

9. The disparate treatment and retaliation came at the hands of specifically but not limited to Manager Andrea Howard, Manager Lisa Humane, and Manager Ann Taylor.

10. Plaintiff reported the disparate treatment she was receiving due to her actual or perceived disability and/or record of impairment, Defendant failed to reasonably accommodate her, she was retaliated against thereafter, wrongfully denied reasonable accommodations, and was terminated as a result.

11. In or about 2015, Plaintiff had requested specifically but not limited to time off from training so that she could attend her doctor appointments and time accommodations. Defendant denied Plaintiff's request for accommodation. Instead, Defendant terminated Plaintiff from the training program and denied her employment.

12. Defendant rehired Plaintiff on or about 2016. Plaintiff submitted an Americans with Disabilities Act (ADA) form with Defendant's logo on it on or around October 26, 2016 during training through which she requested an accommodation.

13. After she submitted her request for an accommodation, Defendant gave Plaintiff a really hard time about the request even though Defendant was aware that Plaintiff was applying to the position as part of vocational rehabilitation and had been assigned her ticket to work there. Defendant knew of Plaintiff's disability and her request for an accommodation.

14. After Plaintiff requested an accommodation, Andrea Howard and Shayleigh Davis told Plaintiff that she could not attend orientation and denied her accommodations for training.

15. During a phone conference with Howard, Plaintiff asked if she could have time off for her doctor appointments or if she could have accommodations so as to be more efficient. Defendant stated that they could not just let people off like that. Plaintiff also requested reduced hours. Defendant refused to accommodate Plaintiff in any way that she requested.

16. Within four days of submitting her ADA paperwork, Defendant discharged Plaintiff. After her discharge, Plaintiff approached Phillip Mitchell and Phillip Wolfe for help.

3

Mitchell and Wolfe stated they could not accommodate Plaintiff nor could they talk to Howard about allowing Plaintiff to have time off, a flexible schedule, or reduced hours and extra days for training.

17. In or around April 15, 2019, Plaintiff was going through training with Defendant after being rehired again. Defendant again discriminated against Plaintiff based on her disability during training.

18. Specifically, but without limitation, Defendant treated Plaintiff less favorably than non-disabled workers in training.

19. For example, on the third day of training, Plaintiff asked for a couple of more hours to complete her training so that she could ensure that she could complete the training program despite her disability. Although Defendant permitted non-disabled employees to work on their training program after hours and all during classes, Defendant discharged Plaintiff after making this request. Defendant told Plaintiff not to bother applying again because Defendant would not hire her.

20. Defendant wrongfully discharged Plaintiff on or about April 30, 2019 and told Plaintiff not to reapply as she would not be hired. Prior to her termination, Plaintiff had reported discrimination against Plaintiff.

21. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## DISABILITY DISCRIMINATION

22. Paragraphs 1 through 21 are realleged and incorporated herein by reference.

23. This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes.

24. Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability. During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

25. Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

26. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

27. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

28. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment under the laws enumerated herein.

29. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These

damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

## COUNT II
## RETALIATION

30. Paragraphs 1 through 21 are re-alleged and incorporated herein by reference.

31. Defendant is an employer as that term is used under the applicable statutes referenced above.

32. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting her under Chapter 760, Florida Statutes.

33. The foregoing unlawful actions by Defendant were purposeful.

34. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and was the victim of retaliation thereafter, as related in part above.

35. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

36. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 25th day of July 2021.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF