UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANGELA BUTLER,                                           CASE NO. 4:21-cv-00404-MW-MAF

    Plaintiff,

v.

TELEPERFORMANCE,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, ANGELA BUTLER, hereby sues Defendant, TELEPERFORMANCE, and alleges:

## NATURE OF THE ACTION

1. This is an action brought under the Florida Civil Rights Act, codified in Chapter 760, Florida Statutes.

2. This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest. This case was removed to this Court by the Defendant.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, ANGELA BUTLER, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her actual or perceived disability and/or record

of impairment, and she was retaliated against after reporting Defendant's unlawful employment practices.

4. At all times pertinent hereto, Defendant, TELEPERFORMANCE, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, an African American female with an actual or perceived disability and/or record of impairment, worked for the Defendant in or around 2015 and again in the 2016/17 time period as a Customer Service Representative. She returned to work for Defendant in or around April, 2019 and was fired three days after she was hired.

7. Plaintiff has diabetes, Gastroesophageal reflux disease (GERD), high blood pressure, and depression with psychosis. Plaintiff's medications keep her

disabilities under control so that she can function well in the workplace; she has received recognition for her job performance in the past with the Defendant.

8. The disparate treatment and retaliation came at the hands of specifically but not limited to Manager Andrea Howard.

9. Prior to the operative time period for the purposes of this complaint, which is 2019, Plaintiff previously worked for the Defendant twice, once in 2015 and again in the 2016/17 time period.

10. Plaintiff reapplied to work for Defendant in April, 2019. Defendant was well aware of Plaintiff's disabilities because she had disclosed them during her prior employment with Defendant and had completed forms for reasonable accommodations that were submitted to Defendant in or around 2016/17.

11. Andrea Howard was the manager of the Defendant's location where Plaintiff worked earlier in 2015, 2016 and 2017 and Plaintiff provided these request for accommodation forms to Ms. Howard during either 2016 or 2017. She also submitted the request for accommodation forms to Defendant's human resources in 2015, 2016 and possibly 2017.

12. During her earlier employment with Defendant, Plaintiff requested accommodations for time off to attend her medical and psychiatrist appointments. She also requested a medical leave of absence and reduced hours due to her mental disability and her diabetes. Plaintiff told Ms. Howard and Defendant's human

3

resources about the need for her accommodations and put her requests in writing on at least one Teleperformance Request for Accommodation form. She included her medical records and diagnoses with the form.

13. Plaintiff's request for the accommodation of time off for her medical condition and reduced hours was denied in the 2016/2017 time period and she was fired because of the amount of time off she was forced to take to treat her mental and medical conditions.

14. In or around 2017, after Plaintiff was terminated because of taking time off, she complained to Defendant's human resources office about being the victim of discrimination on the basis of her disability and treating people wrong because they are "different."

15. On or around April 15, 2019, Plaintiff reapplied to work for the Defendant and was hired. On her application, Plaintiff disclosed that she was disabled and Defendant, upon information and belief, received some type of tax credit for hiring disabled persons like Plaintiff.

16. Ms. Howard was the manager at the time Plaintiff was rehired in April 2019 although Plaintiff was hired by someone else. Ms. Howard was the manager over the teleworkers like Plaintiff.

17. After Plaintiff was hired, she was shortly thereafter assigned to go through training with Defendant.

18. The first two days of training were uneventful. On the third day of training, Plaintiff asked her trainer for a couple more hours to complete her training just in case she was behind. She did not believe that she was behind but was asking for the additional time just in case and requested to train later/after hours. Plaintiff told her trainer that she was on new medication, was drowsy and may needed a little extra time for her training. That request was denied.

19. Although Defendant permitted non-disabled employees to work on their training program after hours, Defendant discharged Plaintiff after making the request to be given only a little extra time just in case she was behind. The trainer told Plaintiff "we have decided to terminate you." The trainer also told Plaintiff that she was not going to be able to keep up although the trainer did not even look at Plaintiff's work.

20. After Defendant wrongfully discharged Plaintiff on or about April 30, 2019, she contacted Defendant's human resources office to complain about how she had been treated. A call was returned to Plaintiff by Defendant and she was told not to bother to put in another employment application because she would not be hired and it would be a waste of her time.

21. Plaintiff maintains in this action that she was fired because of her disability, the Defendant's perception of Plaintiff as being disabled and/or because of her record of having an impairment. She also maintains that she was fired and/or

5

told not to reapply because of the prior complaint she made after her termination in 2016/17.

22. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## DISABILITY DISCRIMINATION

23. Paragraphs 1 through 22 are realleged and incorporated herein by reference.

24. This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes.

25. Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability. During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated nondisabled/perceived-as-disabled employees and/or was terminated because of her disability.

26. Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should

have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

27. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

28. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

29. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment under the laws enumerated herein.

30. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

## COUNT II
## <u>RETALIATION</u>

31. Paragraphs 1 through 22 are re-alleged and incorporated herein by reference.

32. Defendant is an employer as that term is used under the applicable statutes referenced above.

33. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting her under Chapter 760, Florida Statutes.

34. The foregoing unlawful actions by Defendant were purposeful.

35. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and was the victim of retaliation thereafter, as related in part above.

36. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

37. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel of record by CM/ECF this 22nd day of October, 2021.

/s/ Marie A. Mattox
Marie A. Mattox